UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
ELYA CAPLAN, etc.,

        Plaintiff,      **ORDER**

  - v -

                  CV-06-6114 (NGG)(VVP)

SJM ASSET MANAGEMENT CORP., et al.,

        Defendants.
-----------------------------------------------------------------x

    By letter dated July 24, 2007, judicial intervention is sought regarding disputed interrogatories and document requests served by SJM Asset Management Corp. on their codefendants. The codefendants have responded by letter dated July 27, 2007. Based on the submissions the court makes the following rulings:

    *Interrogatory 2*: The information sought concerning the identities and addresses of owners, officers and employees of the corporate codefendants is reasonably calculated to lead to admissible evidence. The codefendants shall therefore serve a supplemental response to this interrogatory providing that information. The court has no explanation why information concerning their "interests" in the corporations is relevant or reasonably calculated to lead to relevant evidence, Fed. R. Civ. P. 26(b)(1), and therefore that information need not be provided;

    *Interrogatory 5, Document Demands 1, 2, and 7*: The objection based on relevance is sustained as no showing has been made how any of the information requested is relevant or reasonably likely to lead to admissible evidence. *Id*.

    *Interrogatory 7*: the codefendants shall serve a supplemental response to this interrogatory which provides information concerning the present location of the business property identified in the interrogatory;

-1-

*Document Demand 5*: Neither SJM nor the codefendants provided the court with the substance of the information requested and the court is therefore unable to rule.

The court rejects the codefendants' argument that discovery should not be permitted with respect to "patently insubstantial" cross-claims.  Had the codefendants acted more promptly to press that attack on the cross-claims by making a motion to dismiss or for judgment on the pleadings, the argument might have found a more sympathetic ear.  Now, however, well past the midway point in the discovery period, the court is loathe to stay discovery while the codefendants seek to make a motion for judgment on the pleadings addressed to the cross-claims.

The supplemental interrogatory responses shall be served within ten days.

**SO ORDERED:**

*Viktor V. Pohorelsky*
VIKTOR V. POHORELSKY
United States Magistrate Judge

Dated:　Brooklyn, New York
　　　　August 8, 2007